**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**
**BOSTON DIVISION**

| | |
|---|---|
| ALEXIES ELIEZER LOPEZ TORRES,<br><br>Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC., EQUIFAX INFORMATION SERVICES, LLC, and TRANS UNION LLC,<br><br>Defendants. | Case No.: 1:26-cv-13892 |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Alexies Eliezer Lopez Torres ("Plaintiff") brings this action on an individual basis, against Experian Information Solutions, Inc. ("Experian"); Equifax Information Services, LLC ("Equifax"); and Trans Union LLC ("Trans Union") (collectively, Experian, Equifax, and Trans Union are the "Defendants"); for actual, statutory, and punitive damages and costs, and attorney's fees, for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, *et. seq.*, arising out of mixing Plaintiff's credit file with that of another consumer.

**PARTIES**

1. Plaintiff is a natural person residing in Maynard, Massachusetts, and is a "consumer" as that term is defined in 15 U.S.C. § 1681a(c).

2. Defendant Equifax is a limited liability company with a principal place of business located at 1550 Peachtree Street, N.W., Atlanta, Georgia 30309, and is authorized to do business in the State of Massachusetts, including within this District. Equifax is a "consumer reporting agency" as defined in 15 U.S.C. § 1681a(f).

3. Defendant Experian is a corporation with a principal place of business located at 475 Anton Boulevard, Costa Mesa, California 92626, and is authorized to do business in the State of Massachusetts, including within this District. Experian can be served through its registered agent, C T Corporation System, at 330 North Brand Boulevard, Glendale, California 91203. Experian is a "consumer reporting agency" as defined in 15 U.S.C. § 1681a(f).

4. Defendant Trans Union is a limited liability company with a principal place of business located at 555 West Adams Street, Chicago, Illinois 60661, and is authorized to do business in the State of Massachusetts, including within this District. Trans Union can be served through its registered agent, Illinois Corporation Service Company, at 801 Adlai Stevenson Drive, Springfield, Illinois 62703. Trans Union is a "consumer reporting agency" as defined in 15 U.S.C. § 1681a(f).

## JURISDICTION AND VENUE

5. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

## FACTUAL ALLEGATIONS

### Plaintiff Applies for Credit with Synchrony Bank in April 2026

7. On or about April 14, 2026, Plaintiff applied for a PayPal Mastercard with non-party Synchrony Bank ("Synchrony").

8. In order to make a determination on Plaintiff's application, Synchrony needed to review Plaintiff's credit files and consumer reports.

9. Plaintiff provided Synchrony with his personal identifying information, including

his Social Security number, and authorized Synchrony to review copies of his credit files and consumer reports.

**Synchrony Denies Plaintiff's Credit Application in April 2026**

10. On or about April 16, 2026, Plaintiff subsequently received an Adverse Action Notice ("AAN") from Synchrony informing him that his application had been denied.

11. According to the AAN from Synchrony, the application was denied because Plaintiff's "Application has identity theft risk factors."

12. Plaintiff was shocked and confused and promptly requested and obtained copies of his consumer reports from Defendants.

13. Plaintiff was shocked to find that Defendants were reporting numerous accounts and tradelines which did not belong to him (the "Mixed Tradelines") as follows:

a. THE HOME DEPOT/CITIBANK
Account No. 603532XXXXXXXXXX
Account Type: Charge Card
Date Opened: November 15, 2016
Responsibility: Individual
Reported By: Experian, Equifax, Trans Union

b. CITICARDS CBNA
Account No. *8358
Account Type: Flexible Spending Credit Card
Date Opened: July 16, 2019
Responsibility: Authorized Account
Reported By: Equifax, Trans Union

c. ASOCIA EMPLEADOS DE ELA
Account No. 454928000329****
Account Type: Revolving Credit Card Account
Date Opened: September 25, 2025
Responsibility: Individual Account
Reported By: Trans Union

d. DEPT OF ED/AIDV
Account No. 96876083011E0012015112315****

Account Type: Installment Account/Student Loan
Date Opened: November 23, 2015
Responsibility: Individual Account
Reported By: Trans Union

14. None of the Mixed Tradelines as reported by Defendants belong to Plaintiff.

15. Plaintiff further discovered that Defendant Experian was reporting the name "Alexies Javier Lopez Torres" and a Social Security number ("SSN") and a Puerto Rico address on his consumer report.

16. Plaintiff further discovered that Defendant Trans Union was reporting the names "Alexies Javier Lopez Torres" and "Alexies J. Lopez" and two Puerto Rico phone numbers and five employers on his consumer report.

17. Plaintiff further discovered that Defendant Equifax was reporting the name "Alexies Eleizer Lopez/Torres Sr." on his consumer report.

18. The aforementioned names, Puerto Rico address, Puerto Rico phone numbers, employers, and Social Security number (the "Mixed Identifiers") as reported by Defendants do not belong to Plaintiff and should not have been included in his consumer reports.

19. Finally, Plaintiff found that Defendant Trans Union was reporting an inquiry with non-party AEELA dated September 17, 2025, (the "Mixed Inquiry") on his consumer report.

20. The Mixed Tradelines, Mixed Identifiers, and Mixed Inquiry do not belong to Plaintiff and should not have been reported in his consumer reports by Defendants.

21. By reporting the Mixed Information in Plaintiff's credit file and consumer reports, Defendants failed to follow reasonable procedures to assure the maximum possible accuracy of the information contained within Plaintiff's credit files and consumer reports, in violation of 15 U.S.C. § 1681e(b).

**Plaintiff's Credit Denials in 2026**

22. On or about June 17, 2026, Plaintiff received an AAN from non-party Digital Federal Credit Union ("TotalLoan") denying a credit application he had submitted on or about March 2, 2026.

23. Total Loan disclosed that its credit denial decision was based, at least in part, on information obtained from the Defendant Equifax.

24. Plaintiff reviewed his consumer report and found that Defendant Equifax was still reporting Mixed Information in his consumer report.

25. Plaintiff reasonably believes that Defendant Equifax sold a consumer report about him to TotalLoan which included Mixed Information.

26. On or about July 2, 2026, Plaintiff received an AAN from non-party Capital One denying a credit limit increase he had applied for.

27. Capital One disclosed that its credit denial decision was based, at least in part, on information obtained from the Defendant Equifax.

28. Plaintiff reviewed his consumer report and found that Defendant Equifax was still reporting Mixed Information in his consumer report.

29. Plaintiff reasonably believes that Defendant Equifax sold a consumer report about him to Capital One which included Mixed Information.

30. On or about July 2, 2026, Plaintiff received an AAN from non-party Capital One denying a Quicksilver Credit Card he had applied for.

31. Capital One disclosed that its credit denial decision was based, at least in part, on information obtained from Defendants.

32. Plaintiff reviewed his consumer report and found that Defendants were still

reporting Mixed Information in his consumer report.

33. Plaintiff reasonably believes that Defendants sold consumer reports about him to Capital One which included Mixed Information.

34. By reporting the Mixed Information in Plaintiff's credit file and consumer reports, Defendants failed to follow reasonable procedures to assure the maximum possible accuracy of the information contained within Plaintiff's credit files and consumer reports, in violation of 15 U.S.C. § 1681e(b).

**Plaintiff's Damages**

35. Plaintiff is disabled and relies primarily on Social Security disability benefits for financial support. Plaintiff sought access to his credit so as to help manage his essential living expenses.

36. The continued presence of the Mixed Information on Plaintiff's consumer reports has prevented Plaintiff from obtaining financing, thereby restricting his access to additional financial resources needed to meet his basic needs.

37. As a result of the "mixed file," Defendants made it practically impossible for Plaintiff to obtain credit.

38. Due to Defendants' ardent refusal to comply with their respective obligations pursuant to the FCRA, Plaintiff's suffered numerous credit denials.

39. At all times pertinent hereto, Defendants were acting by and through their agents, servants, and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendants herein.

40. At all times pertinent hereto, Defendants' conduct, as well as that of its respective agents, servants, and/or employees, was intentional, willful, reckless, grossly negligent and in utter

disregard for federal law and the rights of Plaintiff herein.

41. Defendants are aware that its credit reporting system can and does result in the mixing of consumer credit files, commonly known as the "mixed file" problem. Defendants' matching algorithms and database rules improperly associate and merge credit information from different individuals, leading to inaccurate credit files and consumer reports many times each year. These errors not only misrepresent consumers' financial histories but also expose personal and financial information to unauthorized third parties, creating risks of identity theft, privacy violations, and unjust credit denials. Despite knowledge of these effects, Defendants' algorithms and procedures continue to allow and cause consumers' files to be inappropriately merged, interfering with their ability to access credit, employment, housing, and insurance.

42. Defendants have long been aware of the mixed file issue, as evidenced by federal enforcement actions and litigation spanning decades, including lawsuits brought by the Federal Trade Commission, state attorneys general, and many private consumers. Defendants have previously entered into agreements and consent decrees mandating corrective action, and Defendants have been penalized with punitive damages awards in private actions. Yet, mixed files persist.

43. Defendants are aware of the shortcomings of their respective procedures and intentionally choose not to comply with the FCRA to lower their costs. Accordingly, the Defendants' violations of the FCRA are willful.

44. As a result of the Defendants' conduct, action, and inaction, Plaintiff suffered damages including but not limited to, the loss of his right to keep his private financial information confidential; the loss of his right to information about who was viewing his private financial information and how his private financial information was improperly implicated in the credit

applications of another; damage by loss of credit; and emotional distress including the mental and emotional pain, anguish, worry, anxiety, sleepless nights, loss of appetite, chronic headaches, humiliation, and embarrassment of credit denials and having another consumer's personally identifying information and credit information, including inquiries, mixed into Plaintiff's credit files and consumer reports.

## <u>CLAIMS FOR RELIEF</u>

### COUNT I
### 15 U.S.C. § 1681e(b)
### Failure to Follow Reasonable Procedures to Assure Maximum Possible Accuracy

**(Claim for Relief Against Defendants)**

45. Plaintiff re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs as if fully stated herein.

46. The FCRA imposes a duty on consumer reporting agencies to devise and implement procedures to ensure the "maximum possible accuracy" of consumer reports, as follows:

> Whenever a consumer reporting agency prepares a consumer report, it shall follow reasonable procedures to assure ***maximum possible accuracy*** of the information concerning the individual about whom the report relates.
> 15 U.S.C. §1681e(b) (emphasis added).

47. On at least one occasion, Defendants prepared patently false consumer reports concerning Plaintiff.

48. Defendants mixed another consumer's personal and credit account information into Plaintiff's credit file, thereby misrepresenting Plaintiff, and ultimately, Plaintiff's creditworthiness.

49. Defendants violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit files and consumer reports it published and maintained concerning Plaintiff.

50. Defendants' conduct, actions, and inactions was willful, rendering them liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. Alternatively, Defendants were negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

51. Plaintiff is entitled to recover attorneys' fees and costs from Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that the Court enter a judgment awarding Plaintiff actual damages, statutory damages, punitive damages, and reasonable attorneys' fees and costs and awarding Plaintiff such other and furth relief as the Court may deem appropriate and proper.

## DEMAND FOR JURY TRIAL

Plaintiff is entitled to and hereby demands a trial by jury on all issues so triable.

Dated: August 24, 2026,

*/s/ Michael Ohrenberger*
Michael Ohrenberger, Esq. BBO# 716622
EQUAL ACCESS LAW GROUP PLLC
68-29 Main Street,
Flushing, NY 11367
Tel: 716-281-5496
Email: mohrenberger@ealg.law

*Attorneys for Plaintiff,*
*Alexies Eliezer Lopez Torres*